# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ROBERT DANIEL MAXIN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN,[1] and<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | CV 25-111-BU-WWM<br><br>ORDER |

This matter is before the Court on a pro se filing from state prisoner Robert Daniel Maxin ("Maxin"). *See,* (Doc. 1). Maxin challenges a 2018 conviction for Sexual Assault handed down in Montana's Eighteenth Judicial District, Gallatin County. Along with his petition, Maxin filed a Rule 60(b) Motion seeking relief from his state judgment of conviction. (Doc. 1-2). Maxin also sought leave of the Court to proceed in forma pauperis. (Doc. 2).

On January 12, 2026, Maxin was advised that he did not qualify to be granted in forma pauperis status, and he was directed to pay the filing fee within 30 days. (Doc. 4 at 2, 5). Maxin has paid this filing fee.

---

[1] In his filing, Maxin named only the Attorney General as a Respondent. In a habeas petition, however, the respondent must be the Warden of the facility where the petitioner is held. *See Rumsfeld v. Padilla,* 542 U.S. 426 (2004). The Court has amended the caption to include Warden Salmonsen as a respondent.

Maxin was next advised that this Court lacked jurisdiction grant him relief from his state court judgment of conviction under Federal Rule of Civil Procedure 60(b). (*Id*. at 23). Finally, Maxin was informed that his filing failed to identify a cognizable claim for federal habeas corpus relief. He was provided an opportunity to file an amended petition and was provided with the amended 28 U.S.C. § 2254 form. (*Id*. at 3-4). Maxin was informed that if he wished to proceed, he would need to complete and return the form. Maxin was also advised that a failure to comply would result in dismissal of the action. (*Id*. at 5).

Instead of complying with the Court's order and filing an amended petition, Maxin filed a motion seeking to stay the instant proceedings. (Doc. 5). Maxin apparently did not realize that he has an active direct appeal pending, from the denial of his state postconviction petition, in which he is represented by counsel. (*Id*. at 1). Maxin claims to have been "unaware that his state pleadings had NOT been exhausted, nor that the Montana District Court Judge was pressing for [Maxin's] Ineffective Assistance of Counsel claim." (*Id*.) (emphasis in original). Maxin's appellate defender advised him that the opening brief is nearly ready and will be filed in March. *See*, (Doc. 5-1 at 3) (letter from Dimitrios Tsolakidis).

2

The Court has reviewed the Montana Supreme Court's Register of Actions for Maxin's direct appeal in *Maxin v. State*, DA 24-0747.[2]  *See, Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).  The notice of appeal from the denial of Maxin's postconviction petition was filed by the Office of the State Public Defender on December 23, 2024.  After the electronic transcripts were filed, several continuances were granted.  Maxin's opening brief is to be filed on or before March 2, 2026.  Thus, his state appellate proceedings are active and ongoing.

Maxin's filing is non-responsive and non-compliant with this Court's prior order.  On this basis alone, the matter is subject to dismissal.  *See e.g., Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992); *Malone v. United States Postal Service*, 833 F. 2d 128, 130 (9th Cir. 1987).

But a federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a

---

[2] *See*, Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/ (accessed February 19, 2026).

state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. § 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F.3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present matter, the Montana Supreme Court has not yet considered the claims that Maxin attempts to advance. To the extent Maxin has cognizable

4

federal claims, including ineffective assistance of counsel, he must first present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Maxin has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Maxin has not established adequate cause to stay the instant proceedings, *see e.g., Rhines v. Weber*, 544 U.S. 269 (2005); the motion to stay will be denied. But dismissal of the matter will be **without prejudice**, allowing Maxin to return to this Court if and when he fully exhausts the claims relative to his current custody.

Finally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A Certificate of Appealability ("COA") should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."

*Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).

Maxin has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would not find the procedural ruling debatable.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A COA will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1.      Maxin's Petition (Doc. 1) is **DISMISSED without prejudice** as unexhausted.

2.      Maxin's Motion to Stay (Doc. 5) is **DENIED**.

3.      The Clerk of Court is directed to add Warden Jim Salmonsen as a Respondent and to amend the docket accordingly.

4.      The Clerk of Court is directed to enter a judgment of dismissal.

5.      A certificate of appealability is **DENIED**.

DATED this 27th day of February, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE